IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL,<br><br>   *Plaintiff,*<br><br>v.<br><br>KAYBEE OF MACON,<br>EQUIFAX, and<br>EMMETT L. GOODMAND JR. LLC,<br><br>   *Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00416-TES |

### ORDER DENYING PLAINTIFF'S
### MOTION FOR RECONSIDERATION

On November 20, 2023, the Court issued an Order [Doc. 4] dismissing pro se Plaintiff Kareem Marshall's Complaint [Doc. 1] for failure to comply with the Court's order to recast his complaint in a manner that plainly states facts entitling him to relief. [Doc. 4, p. 2]. The next day, the Court entered a final judgment [Doc. 5]. Plaintiff did not appeal this case, but he did file a document, simply titled "Objections" [Doc. 10], objecting to "the orders issued by the judge, doc. 3 filed 10/24/23, doc. 4 filed on 11/20/23, doc. 5 filed on 11/21/23, doc. 7 filed on 11/22/23, doc. 9 filed on 12/05/23." [Doc. 10, p. 3]. On December 15, 2023, the Court issued an Order [Doc. 11] denying Plaintiff's Objections [Doc. 10] as moot.

However, in another of Plaintiff Marshall's cases against a different lead

defendant (but based on similar facts), the Court of Appeals for the Eleventh Circuit "construe[d] Marshall's Objections as a timely motion for reconsideration of the [Court's] final order and judgment" under Federal Rule of Civil Procedure 59(e) and directed the Court to rule on it. *See* USCA Order, *Marshall v. Creditors Bureau Associates*, No. 5:23-cv-00162-TES (M.D. Ga. Dec. 29, 2023), ECF. No. 20. The Court has reviewed each of Plaintiff's numerous cases and will consider any "objections" filed as motions for reconsideration. For the reasons detailed below and after thorough consideration, the Court **VACATES** its previous Order [Doc. 11] denying Plaintiff's Objections [Doc. 10] as moot, construes Plaintiff's Objections as a Motion for Reconsideration, and **DENIES** Plaintiff's Motion. [Doc. 10].

## LEGAL STANDARD

A "motion to alter or amend a judgment [under Rule 59(e)] must be filed no later than 28 days after the entry of the judgment." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting Fed. R. Civ. P. 59(e)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly," and, under the local rules, "Motions for Reconsideration shall not be filed as a matter of routine practice." *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)); LR 7.6, MDGa. Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that

was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Samara*, 38 F.4th at 149 (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (cleaned up).

## **DISCUSSION**

While Plaintiff's motion was certainly timely, even the most cursory of reviews reveals he offers nothing new other than a clear dissatisfaction with the Court's rulings and ultimate dismissal of his Complaint. *See generally* [Doc. 3]; [Doc. 4]. In airing his grievances, Plaintiff simply rehashes his personal interpretations of the Federal Rules of Civil Procedure (and how they apply to pro se litigants), the United States Constitution, and other matters already presented to and rejected by the Court. *See generally* [Doc. 1] *in connection with* [Doc. 3]; [Doc. 4]. Plaintiff doesn't direct the Court's attention to any "intervening change in the law" or present any "new evidence . . . that was not previously available." *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). Thus, the Court takes Plaintiff's argument to be that "reconsideration is necessary to correct a clear error of law or prevent manifest injustice" and reviews its

Order accordingly. *See id.*; [Doc. 4].

First, Plaintiff argues that the Court failed to liberally construe his pro se complaint. [Doc. 10, p. 3]. To be sure, the Court liberally construes all pro se pleadings and holds their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, a "less stringent standard" does not mean "no standard at all." Pro se pleadings must still pass muster under well-established standards, and the Court may not "serve as *de facto* counsel for a party . . . [or] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). According to Plaintiff, if the Court were construing his pleading liberally, "when [he] sta[]ted the 'Credit report was false' . . . [the Court] would've interpreted that as the Credit report was false." [Doc. 10, p. 4]. And, while it's true that a pro se litigant is entitled to a liberal construction of his pleading, that doesn't mean that he is entitled to the Court treating Plaintiff's vague conclusions unsupported by any factual allegations as actual facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Plaintiff seems to argue that the Court should even go a step further, construing his unsupported conclusions as facts and then accepting those facts as true. *Id.* ("[A]llegations that . . . are mere legal conclusions, are not entitled to the assumption of truth."). Of course, that is exactly what the Court can't do.

Despite the Court's prodding and guidance, Plaintiff never cleared the lowly hurdle of alleging what exactly in the credit reports he contended to be false. He repeatedly claimed some information, "evidenced in Exhibit C," was "false" or "fraudulent," but he never once points to or explains what information in the attached exhibit was false. *See* [Doc. 1, pp. 16–17, 19, 22]; [Doc. 3, p. 4]. Bearing in mind Plaintiff's pro se status, the Court ordered him to amend his Complaint, giving him an opportunity to clarify—an opportunity he did not seize. [Doc. 3]; *see* [Doc. 4, p. 1]. In its Order to Recast, the Court asked a series of questions designed to assist Plaintiff in formulating an amended complaint, such as: "What specifically did each defendant do (or not do) to violate his rights?" and "When did each action occur?" [Doc. 3, p. 5]. However, instead of taking advantage of his opportunity to clarify, Plaintiff once again left the Court guessing.

Plaintiff continues to tap dance around the gap in his pleadings in his Objection. Rather than simply amending his complaint as the Court offered, he offers this tangential accusation:

> The judge's denial suggests a bias towards the defendants due to the similarities of the subject matter at stakes [sic] in this case and another case where the defending party who is contracted by the U.S. Department of Education – a government agency under the same Executive Branch that nominated the judge. This is also seen as an act of prejudice towards me in regards of [sic] my disabilities and indigent status.

[Doc. 10, p. 5].

5

Last, Plaintiff argues that the Court violated his constitutional rights and several federal laws. [*Id.* at pp. 4–6]. Specifically, Plaintiff alleges that dismissing his case violated his rights under the Fifth, Fourteenth, and Seventh Amendments to the United States Constitution. [*Id.*]; *see* U.S. Const. amends. V, XIV, VII. After thoroughly reviewing its Order, the Court finds no error. [Doc. 4].

## CONCLUSION

Accordingly, the Court **VACATES** its previous Order [Doc. 11] denying Plaintiff's Objections [Doc. 10] as moot and construes Plaintiff's Objections as a Motion for Reconsideration. Then, because the Court maintains its reasons for dismissing Plaintiff's Complaint pursuant to Rule 41(b), the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 10].

**SO ORDERED,** this 11th day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**